Our first case today is Thompson v. State of Delaware, Department of Services for Children, number 20-3111. And you can approach the podium, counsel. Thank you, Mr. Court. Your Honors, may I request that I be allowed to retain three minutes for rebuttal? That will be granted. Thank you. And may I say that our briefs in this case are a half inch thick. We know. To the extent that we don't get to cover anything this morning, I request that the Court consider the subject in the briefs, if that's possible. We certainly will. Thank you. Your Honors, in the spring of 2016, Plaintiff Deborah Thompson applied for an education unit supervisory position at the Delaware Department of Services for Children, Youths and their Families. If the Court doesn't mind, I'm going to use just some of the initials and I will refer to the defendants as DSC. Now. She, Deborah Thompson, was employed in a very successful operation, financial operation at the University of Delaware. And she was she was attracted to an advertisement for a position at DSC. It turned out to be a successful discovery because she was found to be the best candidate in the competitive bidding process and began as a probationary employee on July 11, 2016. Now, I emphasize the probationary employee because the law in Delaware, the Delaware state law is very clear. And there's a specific statute that deals with the subject at twenty nine Delaware Code section. I'm sorry. It's twenty nine. Fifty nine. Twenty nine Delaware Code. Fifty nine. Twenty two. Can I just can I. We're very familiar with the facts. Maybe we could dive into a couple of the issues in the case. One is you probably. It's in the briefs. But the Metzger versus Delaware Department of Natural Resources case. It's an NPO, which is not binding on us. Should we should we be essentially be adopting the same reasoning here today? Well, I think not because, frankly, the statutory requirements, as I recall, were not discussed in that case. And in addition to that, there is a Delaware Supreme Court case decided in the last three or four years, Copico, where the very issue was discussed, decided and came to the contrary result to the Metzger case. So Metzger does not stand by itself. But there is there is some Delaware Supreme Court law right on point. We beg the court that Delaware law be considered and applied. Well, can I just that may be. But Metzger dealt with whether it dealt with with a federal due process allegation, didn't it? The due process that that's federal territory. Right. That's my point. And the decision in Copico doesn't turn on the federal issue, but it turned on the state issue. In other words, in Delaware, when you have a pro bono, not a pro bono, excuse me, a prohibition employee and that employee is hired. There is no such thing as a an employee at will in that situation, because the Delaware law says if a if a probationary employee finishes his job and and and completes it without complaint, without it is true to the obligation imposed by the statute, then that's a contract. And so we're here asking you to enforce this contractual obligation in Delaware because they came to turn this lady loose. They terminated her without without any compliance at all. She was she was a full time employee. She was assigned to the position at the essay. She she and and she she did that job meticulously and there was never any complaint about her. And under the circumstances, your brief, your brief is very good. You discuss that in great length in your brief. So I think we understand that. I just had maybe my colleagues will let me ask another question. It has to do with this, the extension of the probationary period. Now, in your in your complaint, you said there was no valid basis for extending it. I see that it's paragraph 32 on appendix page 26. It's I wonder if it's been a little bit of a moving target in terms of how that's been spun, because in your appellate brief now it says there's a question as to authenticity of the letter. Other places, particularly before the district court, it looks like there was a question about whether there was some problems, some problem in the process. Maybe you could tell us what your argument is exactly with respect to this letter. And assuming we disagree with you on Metzger, should are you saying we should send us back for discovery on the issue of extending the the probationary period? Your Honor, I think in order to do fairness to both sides that that issue should not be decided without without having discovery. And I just wonder what's been preserved exactly, because it seems I mean, your adversary points out that this letter that you say, at least before this court is inauthentic, was was relied upon in the complaint, although you do say there was some problem. You say there was no there wasn't a valid basis, which is is kind of vague a little bit. So I'm just wondering if you preserve this argument as well, that it's inauthentic. I think we have preserved it in the brief in great detail. And I think it shows that this was a manipulative device in order to give the defendants some time to come up with some sort of a theory that would would pass muster in this court. But counsel, you have to concede that the statutes allow the government to do this. They can extend the probationary time. Right. If they follow their procedures. Yes. A couple of things. Number one, they never came out with this theory of the extension until after the situation had developed. And number two, the the. So you're saying it's possible it's been backdated is what you're saying, I guess. Well, well, backdated and based upon and done in secret, by the way, done in complete secrecy with no disclosure to my client. No opportunity to discuss it. No opportunity to raise an issue. And it was it does the statute require notice and an opportunity to be heard with respect to sort of the internal process of extending that probationary period. In my judgment, it does not. And it was not given. And it was not done. And but does it is it required? Do they have to cut your client in on extending the probationary period? Well, they want to they want to use it to change the employee, the employer relationship from an at will relationship to a merit full full merit merit. So the impact on this case is incredible. It's earth moving. They go in, have a private meeting with the person that they had to apply to with no disclosure that it was going to be done. And then they come to us down the road and say, hey, listen, this is this changes the situation that is described in the fifty nine twenty nine Delaware Code. Fifty nine. Twenty two. Your Honor, we're looking for some fair and even ground here. And this is a tragic situation. This lady had a very highly qualified job at the University of Delaware. And when when they got rid of the last superintendent, they they they saw it hard to apply for the job. She applied for the job and there was no doubt that she was a hundred years more qualified than anybody they had there. As a matter of fact, in the complaint. Well, it's very unfortunate that she was bumped from the job. But that's not DSC's decision. That's that's the labor laws of Delaware. Right. Porter didn't Porter prevail in her in her challenge. And the law required that she be reinstated. They didn't want Porter reinstated, but Porter got reinstated by operation of law. Right. She never had notice of the procedure before the murder is my recollection. Who never had notice of the procedure? The plaintiff. Well, that gets back to your complaint that when they hired Miss Thompson, it would have been helpful if they had told her that Porter was challenging her dismissal. Right. Absolutely. But are you saying that you didn't bring a fraud in the inducement claim, though? Right. I'm sorry, sir. There's no fraud in the inducement claim here. You're not arguing that they fraudulently induced her to take the job by failing to disclose that Porter might get reinstated. We believe that there was no disclosure that Porter was what had gone to the Merv and asked them to reconsider. And that all this was done without notice of the plaintiff. All right. But you don't have a cause of action for nondisclosure, right? I think it's covered. Did you bring a count for fraud in the fraudulent inducement or nondisclosure? I didn't see a count for that in the complaint. My complaint, I think, is something like 36 or 37 pages long. And I don't remember that we used that expressive term, but the facts were developed there. And we need to have these issues come before the Delaware court so that they can make a full decision on the basis of the contract that they made with this lady. They encouraged this lady to apply. They did not tell her about the fact that Porter was making another app, making an application. That was a complete secret. All right, counsel, your time is up, but we'll hear you on rebuttal. Thank you. Thank you. Thank you. Good morning, Your Honors. May it please the court, my name is Ryan Costa with the Delaware Department of Justice. And I'm here this morning on behalf of the appellees, the Delaware Department of Services of Children, Youth, and their Families, Allison McGonigal, Carol McManus, Angela Porter, and Secretary Josette Manning. The fundamental issue in this case is whether Ms. Pataglia's client, Ms. Thompson, had a constitutionally protected property right in her employment. All right, let's assume we follow Metzger. If we write a precedential opinion that tracks Metzger, then we're holding that probationary employees are at will under Delaware law. That's, as I understand it, the law that you'd like us to make in this case. Is that right? Yes, Your Honor. All right. Assume for a minute that we do that. Why shouldn't the case be partially remanded? Because there is a lot of uncertainty in the record about whether Ms. Thompson's severance from her last position, the third position, whether she was still a probationary employee at that point, or whether she had commensurated the year, tenure, that would give her an additional bundle of rights. It just seems like that issue is murky, under at least my reading of the record, and that a remand would be required for that discrete issue, so that perhaps it would be teed up for Rule 56 practice or even a trial. I mean, it's a high hill at this juncture, right, procedurally? Procedurally, it certainly is a high hill. In 12b-6, the standard favors the plaintiff. But in this particular instance, with the issue of the probation extension, I believe that the district court found correctly that, based upon the record before, based upon the pleadings, the probationary period had been extended in accordance with the applicable MERB rules and statute. As was noted, the appellant on appeal argues, suggests, and I think this is the point that you're getting to, that there's some question about whether the extension was actually made at the appropriate time, or whether it was some fraudulent extension that was... Well, not even take-out fraud. I mean, I don't know whether the Secretary approved. There was a request made, right, to extend it, but I don't recall seeing anything in the record that the Secretary approved it. I think that's required under the law. I also recall that Ms. Thompson was given the opportunity to grieve, and why would you give her a grievance hearing if she weren't outside the probationary period, right? So I guess is your argument that, well, we didn't have to give her a grievance hearing, but we did anyway to be nice? So what's your response to those issues that are not clear in the record? Can you point to where the Secretary approved the request for extension of the probationary period? I believe that the complaint... I don't know that the complaint specifically states that the Secretary approved, but acknowledges... It doesn't. But the complaint acknowledges that an extension was sought within the relevant time period, and it doesn't claim that the extension was not approved. No, I mean, it says, because there was no valid basis for the extension, it is without force or effect. I mean, that may be general, but doesn't it encompass what Judge Hardiman is talking about? I don't think so, because I think that the argument that there was no valid basis, the complaint question... Excuse me, Your Honors. The complaint, in my reading, doesn't question that the extension was applied for, to prove it questions whether there was, as you were saying earlier, some sort of fraudulent inducement, whether it was applied for false or improper reasons. We dispute that those reasons were false, but I think the fundamental issue is that it doesn't matter what the bases are for probationary extension. Under the applicable rule, you can seek an extension, and as long as it is sought in the relevant time period and granted... But we don't know. I mean, it could be that it wasn't sought within the appropriate time period. It might be invalid. Isn't that something that's generally dealt with in discovery? I think that if the complaint had argued that it wasn't properly... that it was not approved by the secretary in the relevant time period, that it may be a different situation than the one we have here. Here, the argument, as I read it in the complaint and prior in the district court filings, was not questioning whether it had been sought and approved in the relevant time period within the one year, but whether the reasons for the extension were appropriate. Whether it was the proper bases was the, I believe, language. And the bases, it's the state's position, do not matter under the rules. And that's, I think, the crux of the issue here. Something related to that, unless Judge Harden's... Well, before you leave that, I'm still wrestling with the question whether we know for a fact, based on the pleading, that her probationary period was extended. And maybe I'm fixating inappropriately on that, and if so, tell me why. But it seems binary to me. If her probationary period was extended, you win. If her probationary period was not extended, then remand is required. Would you agree with that? I agree that if there is an open question that the extension was approved in the relevant period, and that is an open question from the pleadings, then yes, it may be appropriate to remand for discovery on that discrete issue. All right, then you need to tell us why it's not an open question. How do we know it's not an open question? Because if you can't show us that, then we have to remand that piece of the case. Because, as I said, I don't believe that the pleading says that the secretary did not approve the extension. I think it read in total, I believe, acknowledges that the application was sought and that it challenged... You want us to infer from the fact that the extension was sought that it was, in fact, granted. You're saying that's a natural inference to draw. Not necessarily, but that the pleading does not argue that it was not granted. Why is that his burden to plead that? I think that the plaintiff has to make... I'm sorry to interrupt, but to try to make my question a little clearer, as Judge Tagueras pointed out, the complaint complains about the invalidity or inappropriateness of the extension request. So with that on the table, why would we infer, or why would it be their burden to plead also that the request was made, but the secretary didn't grant it? It just seems like an especially heightened pleading burden that you're asking for. I don't think so. My intention is not to seek to change the pleading standard. I just, as I read the complaint, I did not believe that they had raised an issue of whether or not the secretary had approved the extension in a timely manner. Counsel, maybe you can help me out on this, too. I thought the theory of the complaint at paragraph 31 through 33 was that there was no notice given to the plaintiff about the extension, and the basis for the extension included false assertions about a PIP plan, about the quality of her skills, and that the direct supervisor had been unable to measure her performance. And because there was no valid basis for the extension, it's without force or effect. So I understood your position to be not that there wasn't, that I understood your position to be, well, it doesn't matter what else, what other defects there are in the process, possibly. What was pled was a substantive failure to provide grounds for the extension. And since those substantive grounds are not a part of the extension process, then dismissal is appropriate. Is that what you're arguing? It is, Your Honor, and I apologize if I was not being clear earlier in articulating that. But that is the State's position here, is that the arguments that have been made by the plaintiff as for why the probationary extension were not proper are not relevant under the statute, that there wasn't a proper basis or that the reasons given were inappropriate. That is the argument that I read, and as you pointed to in the complaint,  I believe fails at this stage, and that's the only argument that has been presented. Maybe I missed this, but Judge Mady just mentioned that there was a complaint about there was no notice. Does the statute require that notice be given, or is this an ex parte process? The statute and the relevant rules do not require notice. The MERB Rule 9.1, I believe this was cited in the district court's decision, simply says upon the DHR secretary's approval, probationary periods may be extended. There's no notice requirement provided, nothing. It seems a little odd, though, that a person wouldn't understand what their status was or have no notice, and the employer knows perfectly well what the status is, right? That's a tough one. Whether the rule, whether there's a policy argument to be made that the rule should be re-ran to provide notice, that is a decision I don't believe is for me to make, and I don't believe that it's a question here. Fair enough. Do you have anything more? Yes, I believe that Your Honor also asked about the Metzger opinion, and while I agree with both Your Honor and my friend, opposing counsel, Mr. Pataglia, that it's not binding, I disagree with Mr. Pataglia in that we should adopt the same reasoning. I believe that he said that the reason that Metzger shouldn't be followed is that it failed to take into account the relevant statute, which is Section 5922. I believe that Metzger didn't address the relevant statute because it doesn't change the analysis or the outcome here. The district court did consider the statute, Section 5922, and in conjunction with the rule, MERB Rule 9.2, which Metzger did consider and found that under the statute and under the rule, a probationary employee could be dismissed at any time. The other issue that opposing counsel brought up briefly, I'll just mention, is the Capico decision. The plaintiff takes the position that Capico is binding Delaware Supreme Court precedent and requires effectively that a probationary employee can only be dismissed for just cause, for a merit-based reason. Capico is distinguishable and does not apply to this case because the Capico case dealt with the issue of whether the probationary employee had been discriminated against. Rule 9.2 specifically provides that a probationary employee can be dismissed at any time except if there is an issue raised under MERB Rule 2.1. Chapter 2 of the MERB Rules and specifically Rule 2.1 addresses discrimination. In the Capico case, discrimination had been alleged. There's no allegation that Ms. Thompson here was discriminated against. So respectfully, Rule 2.1 does not apply in this case. Capico and its discussion of discrimination for non-merit reasons is inapplicable. Ms. Thompson's interpretation of that rule, I believe, would, as the district court, recognize, render meaningless all the specific examples given in the rule otherwise, and would also make the word discrimination meaningless. Finally, I'll just note that Ms. Thompson also argued that MERB Rule 12 applies to probationary employees, and the district court recognized that the plaintiff offered no case law or citations or rules to say that it applies, and I believe that that is correct. And on that, I will sit down and see if you have any further questions. Thank you, Counsel. Thank you, Your Honor. Your Honor, please, I'm going to ask you a little extra time because I stutter. I'm being facetious, so I'll try not to stutter. You're doing great. Your Honor, the little state of Delaware is not as secretive as the occurrences in this case would suggest. They advertised for this position opening when the prior occupant was terminated, and they do not, in the advertisement, they do not say that if you apply for this job, you may be the choice, but you may not get it because of the secrecy of the prior occupant applying for the job again. In other words, it was a pure victory for this lady, and I looked through this whole thing, and I made a couple of notes. The occurrence in this case really reads like a tragic novel. The state claims Porter deserves punishment of lost salary for 11 months. The Murd State Agency claims the state made the basic mistake by doing wrong in discharging Porter. Nobody has said that this lady has done anything wrong, and all that we have asked for is that we have a fair chance to develop the factual background of all these occurrences so that this web of secrecy can be removed from this situation. I think, unless your Honor has any questions, I think. So you didn't need extra time anyway. That worked out great. Well, notwithstanding your comment, I think you gave a compelling argument on behalf of your client, and both lawyers did. So thank you, counsel. We'll take the case under advisement, and also your briefs were excellent, and so we commend you and wish you well and good health. Thank you. Thank you, your Honor.